## Puryear v. Webster, Special Deputy Director, Division of Banking.

Oct. 7, 1941.

O. B. Bertram for appellant.

Philip Bertram and Ralph Hurt for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Mrs. Anna Puryear filed this action against three officers of the closed Bank of Campbellsville and the officer in charge of the liquidation of the bank, seeking first to have the liquidator pay to her her claimed pro rata part of $4,000, and, in the event the court should be of the opinion that she was not entitled to that relief, that she be adjudged entitled to recover of the officers of the bank the amount claimed. A demurrer was sustained to the petition as amended as to the liquidator of the bank, and upon Mrs. Puryear's failing to plead further her petition was dismissed as to that officer. This appeal is from that ruling.

It is necessary that we review briefly the petition and the amendment thereto to ascertain whether Mrs. Puryear stated a cause of action against the liquidator. She charged, in substance, that J. N. Turner, George R. Turner and Henry R. Turner were the directors and of-

ficers of the bank and that they owned all, or practically all, of its stock; that at the time of the death of her husband, F. M. Puryear, Henry R. Turner, Sr., and J. N. Turner owed him an $8,000 note; that on January 1, 1937, she and her son went to the bank and informed J. N., George R. and Henry R. Turner of their plan to divide and settle her husband's estate without administration by dividing the $8,000 note equally between themselves; that, while they were in the room where the bank transacted its business J. N. Turner, as president of the bank, said to her, "What do you desire to do with your part of the money?" or "How do you want your part fixed?" to which she said she desired to leave it in the bank; that thereupon J. N. Turner, as president of the bank, prepared a paper of some kind and gave it to her and that she took the paper and held it in her possession, believing from the statements and representations made to her by J. N. Turner that the paper was a certificate of time deposit in the bank for the sum of $4,000; that she retained the paper in her possession and that the bank paid her the interest thereon at the rate of four per cent; that it was not until she presented the paper to the liquidator of the bank that she was informed that it was not a time deposit certificate, but in fact the individual note of J. N., Henry R. Jr., and George R. Turner; that she would not have accepted the paper had she not believed it to be a time deposit certificate and that she was induced to accept it either by fraud on the part of the officers and directors of the bank, or through mistake in the representations made to her; that the money was used for the purpose of augmenting the assets of the bank and that by reason of such augmentation the liquidator had in his hands assets of the bank in excess of what he would have had, except for the securing of the funds as heretofore mentioned by the Turners; that her money was obtained by the Turners by fraud and misrepresentations which led her to believe that it was being left in the bank and it was responsible to her for it; and had she not so believed she would not have left her money in the bank or with either of the Turners.

The amendment to the petition charged, in substance, that the Turners were the owners of all of the stock of the bank except three shares which were owned by the wife of J. N. Turner; that the Turners constituted the board of directors of the bank and that they controlled its business and management and transacted all

business carried on by the bank; that all the Turners were present at the time she and her son went to the bank in 1937 and that if any of the Turners had informed her that it was their purpose to give her their individual note for her one-half of the $8,000 note she would not have accepted it and that she would have and could have collected her $4,000; that by reason of the fraud and misrepresentations practiced on her by the Turners as officers and directors of the bank she was misled and misinformed and has been defeated out of the entire amount of her claim, unless she be adjudged a claim against the bank (the petition charged that the Turners were insolvent); that she lived several miles in the country and was inexperienced in business matters and not acquainted with the manner in which banking business is conducted; that she had never transacted any such business prior to her husband's death and that she did not know that the paper given to her was the individual note of the Turners until after the bank closed; and that she had confidence in J. N. Turner and for that reason she did not inquire or seek to find out about the transaction, believing and relying solely upon the statements and representations of the Turners as officers of the bank and as its sole directors.

Counsel for Mrs. Puryear has very ably presented his argument that the petition stated a cause of action. He asserts that the demurrer admitted as true all of the allegations of the petition. He stresses also the fact that the Turners owned practically all of the stock of the bank and managed and controlled it, and insists that the bank is estopped to deny the authority of its officers to do certain things where it has accepted the benefits of such acts, or has knowingly acquiesced therein. The liquidator's counsel insist that the charges of fraud on the part of the Turners as officers of the bank were stated as mere conclusions, and therefore were not admitted as true by the demurrer, since a demurrer admits the truth of only such facts as are well pleaded. They urge also that Mrs. Puryear has pleaded a state of case in which she is barred from claiming that she was deceived and defrauded because of her own admitted negligence and failure to exercise ordinary care. They further insist that a corporation is liable only for the acts of its agents as are within the actual or apparent scope of their authority and that in the present case the acts of the Turners were not within the scope of their author-

ity as officers of the bank and that a corporation can not be held liable for the acts of its officers done purely in their individual capacity.

We have examined the petition and its amendment carefully, and have reached the conclusion that Mrs. Puryear did not state a cause of action against the liquidator. A demurrer admits only the truth of facts well pleaded. Strode's Ex'x v. Strode, 243 Ky. 367, 48 S. W. (2d) 543, and cases cited therein. The application of this test to the petition and the amendment leads us to the conclusion just mentioned. To begin with, the $8,000 note to which Mrs. Puryear says she was entitled to one-half was not the note of the bank, but rather the note of J. N. and Henry R. Turner, Sr. Whether the note was held by the bank or handled through it prior to the time Mrs. Puryear went to the bank in January, 1937, is not shown. In her own words she says that J. N. Turner, as president of the bank, asked her, "What do you desire to do with your part of the money?" or "How do you want your part fixed?" to which she replied that she wanted to leave it in the bank. She did not say that she asked that the money be put on time deposit, or that she asked for a time deposit certificate, or that any of the Turners represented to her that the personal note given her was such a paper. The Turners executed their personal note to Mrs. Puryear for $4,000. It was delivered to her and, as she charged, it remained in her possession for two years. Furthermore, on two occasions she took the note to the bank and had the interest credited. Mrs. Puryear did not allege that she was unable to read and we fail to see how she can now be heard to say that she thought a personal note, as shown by its face, and which remained in her possession for two years, was a time deposit certificate. While she charged that the note was signed by J. N. Turner, as president of the bank, its face showed otherwise. Furthermore, the notations of interest credits do not show that they were paid by the bank. The petition sets forth the notations as follows:

"Cr by Int for 1 year        2-4-38
 "   " Int for 1 year        3-7-39"

Mrs. Puryear alleged that the proceeds of the note went to augment the assets of the bank, but she did not allege facts substantiating that conclusion. True it is that the Turners, who signed the note, were the officers

of the bank, but we do not think it necessarily follows that all transactions participated in by them were such that they would be deemed banking transactions, or transactions from which the bank profited. To show such a situation it would have been necessary for Mrs. Puryear to allege properly facts showing such to be the case.

As heretofore indicated, our analysis of the petition as amended forces us to the conclusion that the ruling of the trial court in sustaining a demurrer thereto was proper.

Judgment affirmed.